THE MINNIE L. GEROW.

BAIN *et al. v.* THE MINNIE L. GEROW.

*(District Court, E. D. Virginia.* June 30, 1880.)

WHARFAGE—RATES.
    The principal wharf-owners of Norfolk and Portsmouth agreed among themselves on a schedule of rates, in which the rate on the entire tonnage of large vessels was fixed at $1 for each 100 tons. Prior thereto the customary rate was $1 per hundred on the first 300 tons and 50 cents per hundred on the remainder, and it appeared that few of those who signed the schedule afterwards charged more than these rates. *Held* that, in the absence of an agreement with the vessel, the court would enforce only this rate, though the wharf-owner testified that he was not at liberty to charge less than the schedule rate.

In Admiralty. Libel by Bain & Bros. against the ship Minnie L. Gerow for wharfage. Decree for defendant.

*Walke & Old,* for libelants.
*Sharp & Hughes,* for respondent.

HUGHES, J. The claim here is for wharfage due from the libeled vessel. There was no agreement between the agent of the vessel and the wharf-owners as to the amount to be paid. The charge was at the rate of $1 per 100 tons per day for 30 days upon the entire tonnage of the vessel, which was 1,304 tons; or $391.20. Deposit in the registry of the court has been made on behalf of the vessel at the rate of $1 per hundred on the first 300 tons, and half a dollar per hundred the rest of the tonnage, for a period of 30 days, or $240.60.

The only question is whether a dollar or a half dollar per day per 100 tons on the excess over 300 tons of the vessel's tonnage is the proper

charge. The decision must be controlled by the evidence in the case on this point. It is proved that the custom in Norfolk, in cases where no special agreement is made, is to charge half a dollar per hundred after the first 300 tons. That also seems to have been the schedule rate observed in Portsmouth before 1874. Yet in respect to this rate, both in Norfolk and Portsmouth, all the witnesses who testified on the point stated that in cases where special rates were agreed upon they were always lower. In the year 1874 a new schedule of wharf rates was established as between themselves by eight owners of the principal wharves in Portsmouth. In that schedule wharfage on vessels was put down at one dollar per hundred on the entire tonnage of large vessels. The libel in the present case is by one of the firms who were induced to sign that schedule, and it claims wharfage in accordance with that schedule. It seems that there are but few wharves in Portsmouth at which very large vessels can be moored with convenience. Mr. Peters, the head of one of the few firms owning such a wharf, says that he never charges more than half a dollar after the first 300 tons, and that his firm refused to sign the Portsmouth schedule. Mr. Neeley, one of the firm whose name stands first on the Portsmouth schedule, says that he has never charged, and would not charge, more than half a dollar. Mr. Bain, one of the libeling firm, says that he charges the schedule rate in all cases where there is no special agreement, and does not feel at liberty to "cut" the agreed rates. I think, on the whole, that the weight of testimony is that a dollar per hundred on the whole tonnage of large vessels is too high; and I am inclined to infer from all the circumstances that it was through inadvertence that that particular item got, in the form in which it stands, into the Portsmouth schedule. The rates of both schedules for wharfage on large vessels appear to me to be too high; but I am not at liberty to set my individual judgment in such a matter against that of leading business men of two cities. I was inclined, at the trial of this cause, to think myself concluded by the signatures appearing on the Portsmouth schedule; but on reflection the weight of evidence seems to condemn the charge there prescribed for wharfage on large vessels, and to show that, if it is adhered to at all by wharf-owners, it is only, as in the present case, because they feel bound not to "cut" rates agreed upon among the signers of the schedule. Indeed, it does not seem that many even of the signers of this Portsmouth schedule feel bound by their signatures to adhere to its charge for wharfage on large vessels, and I do not feel at liberty, therefore, to enforce that charge. The amount deposited in the registry by the agent of the owners of the ship Minnie L. Gerow must therefore be accepted as full compensation of the wharfage in this case, and I will so decree; but each party must pay his own costs.